

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

August 7, 2025

**BY ECF**
The Honorable Arun Subramanian
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    *United States v. Andres Jimenez*, 91 Cr. 491 (AS)

Dear Judge Subramanian:

    The Government writes concerning the above-captioned case, which was previously assigned to the Honorable Lawrence M. McKenna and was reassigned yesterday to Your Honor.

    On or about April 19, 1991, agents of the Drug Enforcement Administration observed the defendant, who was sitting in the driver's seat of a parked car, receiving a knapsack from the passenger of another car that was double-parked next to him. The knapsack contained approximately two and a half kilograms of cocaine. At the time, the defendant was parked within 1,000 feet of a school. The defendant was arrested and was initially charged by Complaint. (Dkt. 1). He was released on a personal recognizance bond in the amount of $200,000, co-signed by 5 financially responsible persons and secured by $15,000 cash, which was apparently posted by a relative of the defendant. (Dkt. 9; *see* Minute Entry Dated April 12, 1991).

    On or about June 6, 1991, a grand jury sitting in this district returned a one-count indictment charging the defendant with possessing with intent to distribute 500 grams and more of cocaine, within 1,000 feet of a school, in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(B), and 860(a); and 18 U.S.C. § 2. (Dkt. 14).

    The defendant moved to suppress certain evidence, and following a hearing, Judge McKenna denied the motion on February 5, 1992. (Dkt. 25). The parties engaged in plea discussions. After several adjournments, and when plea discussions had reached an advanced stage, the defendant absconded, failing to appear for a court conference. On October 29, 1992, Judge McKenna issued a bench warrant for the defendant's arrest in light of his failure to appear in court. (Dkt. 29). The defendant has remained a fugitive for more than three decades.

    On or about March 19, 2025, the bench warrant was executed. Defense counsel has informed the Government that the defendant was attempting to obtain American citizenship and officials discovered the outstanding warrant during that process. The defendant was presented in the United States District Court for the Southern District of Indiana. *United States v. Andres*

*Jimenez*, 1:25-mj-00277-MKK-1 (S.D. Ind.). Following a contested hearing, the defendant was ordered released.

The parties jointly request that the Court schedule a conference. The defense has stated that the defendant will travel to this District to attend the conference and requests that the Court schedule the conference for September 4 or 5, 2025. The Government is available at the Court's convenience. The parties request guidance regarding whether the Court intends to first refer the matter for presentment before the duty magistrate judge, or whether the Court intends to handle the matter itself in the first instance.

In the Government's view, the defendant remains a fugitive until he returns to this District. Any pretrial delay "result[s] from the absence or unavailability of the defendant," so the Speedy Trial Act clock is not presently running. *See* 18 U.S.C. § 3161(h)(3)(A). Out of an abundance of caution, however, the Government also moves for exclusion of time under Section 3161(h)(7) until the date of the conference scheduled before Your Honor. The defense does not oppose the request for exclusion of time until the defendant returns to Court.

Respectfully submitted,

JAY CLAYTON
United States Attorney

By: James Mandilk
Assistant United States Attorney
(212) 637-2453

Cc: Valerie Casali, Esq. (Counsel for Andres Jimenez) (by Email)

The Court will hold the arraignment and initial conference on **Friday, September 5, 2025**, at **10:00 AM**. The presentment should be handled by the duty magistrate judge.

Time is hereby excluded through September 5, 2025, under the Speedy Trial Act for the reasons set forth by the Government.

The Clerk of Court is respectfully directed to terminate the motion at Dkt. 32.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Dated: August 11, 2025